UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL REYES,  :  CIVIL ACTION NO. 3:CV-13-0592
    Plaintiff  :  (Judge Nealon)
v.  :
JAMES LARSON,  :
    Defendant  :

FILED
SCRANTON
APR 1 2 2013
PER _____
DEPUTY CLERK

**MEMORANDUM**

## Background

Plaintiff, Samuel Reyes ("Reyes"), an inmate formerly confined in the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania filed the above captioned civil rights action pursuant to 42 U.S.C. § 1983, on March 4, 2013. On March 12, 2013, this Court issued an Administrative Order to the Warden of the Luzerne County Correctional Facility, and served a copy on Plaintiff. See (Doc. 6, Administrative Order). On March 21, 2013, Plaintiff's copy of the Court's Order was returned to the Court as undeliverable, with the notice that Plaintiff was released. A subsequent telephone inquiry to the Luzerne County Correctional Facility by this Court revealed that Reyes was released on March 12, 2013. For the reasons set forth below, the Court will dismiss Plaintiff's action for failure to prosecute.

## Discussion

District courts have the inherent power to dismiss an action for failure to prosecute sua sponte. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). Nevertheless, because of the severity of a dismissal sanction, district courts should provide plaintiffs with an opportunity to explain their reasons for failing to prosecute their action or comply with court orders prior to dismissing a case.

Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008). After plaintiffs are given this opportunity, the United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

A pro se plaintiff has the affirmative obligation to keep the court informed of his address. see M.D. Pa. L.R. 83.18 (requiring any unrepresented party to "maintain on file with the clerk a current address"). Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. If the court is unable to communicate with the plaintiff because he has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit.

Reyes' last communication with this Court was his application to proceed in forma pauperis, which was executed on March 8, 2013. (Doc. 4). Reyes has not communicated with the Court since the filing of his in forma pauperis application. The record clearly indicates that he has been released from the Luzerne County Correctional Facility. Thus, it is reasonable to conclude

that Reyes has abandoned this suit. Consequently, because Plaintiff's dilatoriness outweighs any other Poulis factors, this action will be dismissed.

A separate Order will be issued.

Dated: April 12, 2013

United States District Judge